IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONARD S., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS BLUE SHIELD OF ILLINOIS, | ) ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, LEONARD S., by and through his attorneys, MARK D. DE BOFSKY and DE BOFSKY LAW LTD., states the following as his Complaint against Defendant, HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS BLUE SHIELD OF ILLINOIS ("Defendant" or "HCSC"):

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is based on diversity of citizenship, 28 U.S.C. § 1332(a) since this matter is brought between citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

2. Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. § 1391 because the Defendant maintains its principal place of business in this District.

### THE PARTIES

3. Leonard S., who was formerly a resident of the City of Chicago in the State of Illinois, is and was at all times relevant hereto a resident of Vero Beach, Florida and is a citizen of the State of Florida. Leonard S. is a retired physician who was born in 1962.

4. Health Care Service Corporation ("HCSC") is a mutual legal reserve company that does business in several states, including the State of Illinois, where it does business as Blue Cross Blue Shield of Illinois, providing health insurance coverage to its members. HCSC maintains its principal place of business in Chicago, Illinois, and is a citizen of the State of Illinois.

## FACTUAL BACKGROUND

5. For and in consideration of premiums paid, HCSC issued a Blue Cross Blue Shield of Illinois individual health insurance Policy to Leonard S., which was in full force and effect in 2021 and 2022. Leonard S. was assigned a Group and Subscriber Number of IG2802/000890210026.

6. The health insurance policy purchased by Leonard S. included coverage for behavioral health conditions, which provided that Leonard S. would be reimbursed for medically necessary behavioral health treatment at different levels of care, including, but not limited to, psychotherapy, medication management, intensive outpatient treatment, partial hospitalization treatment, residential treatment, and psychiatric hospitalization.

7. On August 30, 2021, at the recommendation of a behavioral health treatment professional, Leonard S. was admitted to the Austen Riggs Center in Massachusetts for behavioral health treatment of co-morbid psychiatric conditions. Austin Riggs is a licensed behavioral health treatment facility that provides intensive behavioral health treatment in a residential setting. The Austen Riggs Center is an "in-network" provider for Leonard S.'s health insurance coverage.

8. Leonard S. received treatment at the Austen Riggs Center until October 28, 2022. The treatment varied in intensity depending on the variability of his symptoms.

9. Although HCSC agreed to reimburse some of the charges incurred by Leonard S.,

it ceased covering his care altogether after September 21, 2021, although Leonard S.'s symptoms were at a level of severity that mandated ongoing care at the levels and intensity of care that was being provided by the doctors and other behavioral health professionals at the facility.

10. In total, Leonard S. incurred expenses for treatment at the Austin Riggs Center of over $250,000. All of the services Leonard S. received were services that qualified for reimbursement under the terms and conditions of his policy. However, HCSC refused to reimburse Leonard S. for the expenses he incurred subsequent to September 21, 2021; and Leonard S. paid for said services with personal funds. Other than his annual deductible and co-insurance/maximum out-of-pocket costs for which he was responsible under the terms of his policy, Leonard S. would not have had to pay the additional charges for which he was billed since the Austen Riggs Center was in his healthcare provider network.

11. None of the expenses Leonard S. incurred after September 21, 2021 were reimbursed by HCSC despite the submission of claims for reimbursement and Plaintiff's demand that such expenses be paid.

12. The stated reason for the denial of benefits was HCSC's reliance on "MCG care guidelines Residential Acute Behavioral Health level of Care (Aduct) 24th Edition." However, HCSC had no basis for relying on such "guidelines" because the cited guidelines were applicable to patients receiving acute care, while Leonard S.'s medical needs were sub-acute, although the care provided was nonetheless medically necessary in order to adequately and appropriate treat his symptoms and co-morbidities consistent with generally accepted standards of care for treatment of such conditions.

13. Because the care Leonard S. received was medically necessary and entailed services that were encompassed by his insurance policy, HCSC was obligated to reimburse all of

the charges incurred less Leonard S.'s deductible and co-insurance payments up to his out-of-pocket maximum expense amount.

14. In addition thereto, HCSC engaged in unreasonable and vexatious conduct by basing its denial of benefits on criteria inapplicable to Leonard S.'s medical needs.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's behalf and award him the full amount of the out-of-pocket expenses he incurred for treatment at the Austen Riggs Center that were encompassed by his insurance coverage;

B. That Plaintiff recover the maximum penalty provided for by statute and attorney's fees pursuant to 215 ILCS 5/155; and

C. That Plaintiff recover any and all other relief to which he may be entitled, as well as his costs of suit.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: November 2, 2022

By: */s/ Mark D. DeBofsky*
Mark D. DeBofsky
DeBofsky Law, Ltd.
150 North Wacker Drive, Suite 1925
Chicago, IL 60606
(312) 561-4040 (phone)
(312) 929-0309 (fax)