UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONARD S., <br>   Plaintiff <br><br>  v. <br><br>HEALTH CARE SERVICE <br>CORPORATION d/b/a BLUE CROSS <br>BLUE SHIELD OF ILLINOIS, <br>   Defendant | No. 22 CV 6038 <br><br> Judge Jeremy C. Daniel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Leonard S. filed this breach of contract suit against Defendant Health Care Service Corporation d/b/a Blue Cross Blue Shield of Illinois ("HCSC"), alleging that he was wrongfully denied coverage for residential behavioral health care treatment. Leonard seeks compensatory damages for the out-of-pocket expenses that he incurred as a result of HCSC's denial of his insurance claims, as well as an award of statutory damages and attorney's fees under Section 155 of the Illinois Insurance Code, 215 ILCS 5/155. HCSC has filed a partial motion to dismiss Leonard's Section 155 claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court grants HCSC's motion.

## BACKGROUND[1]

HCSC is a Mutual Legal Reserve Company that provides health insurance coverage to its members in Illinois as Blue Cross and Blue Shield of Illinois ("BCBSIL"). R. 1 ¶ 4. In 2021 and 2022, Leonard purchased individual BCBSIL health insurance policies (collectively, "the Policies") from HCSC. *Id.* ¶ 5. At all relevant times, Leonard was insured under the Policies.[2] *See generally* R. 1.

The Policies covered behavioral health conditions and provided reimbursement for "medically necessary behavioral health treatment . . . including, but not limited to, psychotherapy, medication management, intensive outpatient treatment, partial hospitalization treatment, residential treatment, and psychiatric treatment." *Id.* ¶ 6. The Policies further provided that the determination as to whether treatment is "medically necessary" belongs to HCSC and is determined based on "generally accepted medical standards." *Id.*; *see also* R. 15-1 at 34-35, 84 (2021 BCBSIL Policy); R. 15-2 at 37, 88 (2022 BCBSIL Policy).[3]

From August 30, 2021, to October 28, 2022, Leonard was a patient at the Austen Riggs Center ("Austen Riggs"), an "in-network" residential treatment provider in Massachusetts, where he received behavioral health treatment for

---

[1] For purposes of this motion, the Court accepts as true Leonard's well-pleaded factual allegations and draws all reasonable inferences in his favor. *White v. United Airlines, Inc.*, 987 F.3d 616, 620 (7th Cir. 2021).

[2] The Court has jurisdiction over this action under 28 U.S.C. § 1332, as the complaint alleges complete diversity of citizenship and an amount in controversy in excess of $75,000. R. 1 ¶¶ 1, 3-4, 10.

[3] The Court may consider the 2021 and 2022 BCBSIL Policies that HCSC attached as exhibits to its motion to dismiss because "they are referred to in [Leonard's] complaint and are central to his claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); s*ee also Souza v. Erie Ins. Co.*, No. 22 C 3744, 2023 WL 4762712, at *5 n.1 (N.D. Ill. July 25, 2023).

unspecified "co-morbid psychiatric conditions." *Id.* ¶¶ 7-8. During his stay, Leonard's treatment varied in intensity based on the variability of his symptoms. *Id.* ¶ 8.

Leonard later submitted claims to HCSC seeking payment for the treatment that he received at Austen Riggs. *Id.* ¶ 9. HCSC provided reimbursement for the care that Leonard received from August 30, 2021, through September 21, 2021, but denied his claims for any treatment received thereafter as not medically necessary. *Id.* ¶¶ 9-12. According to the complaint, HCSC made this determination based on the Milliman Care Guideline-Residential Acute Behavioral Health Level of Care (Adult), 24th Edition ("MCG Guidelines"). *Id.* ¶ 12.

Leonard alleges that HCSC's denial of coverage for post-September 21, 2021, treatment was improper. *Id.* ¶¶ 9-11, 13. Specifically, he alleges that the MCG Guidelines are inapplicable to his case because these guidelines apply to patients receiving "acute care," and his medical needs were "sub-acute." *Id.* ¶ 12. Leonard maintains that all the services that he received during his admission at Austen Riggs were medically necessary and HCSC was therefore obligated to reimburse him for all the charges "less [his] deductible and co-insurance payments up to his out-of-pocket maximum expenses amount." *Id.* ¶ 13. As a result of HCSC's denial of his insurance claims, Leonard incurred expenses of over $250,000. *Id.* ¶ 10.

Leonard filed the instant suit against HCSC for breach of contract. R. 1. In addition to compensatory damages for his out-of-pocket expenses, Leonard seeks an award of statutory damages and attorney's fees under Section 155 of the Illinois Insurance Code, alleging that HCSC engaged in "unreasonable and vexatious"

3

conduct when it relied on the MCG Guidelines in denying his claims as not medically necessary. *Id.* ¶ 14. HCSC now moves to dismiss Leonard's Section 155 claim under Federal Rule of Civil Procedure 12(b)(6). R. 14.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 290 (7th Cir. 2016). Although the plaintiff need not plead "detailed factual allegations" to survive a motion to dismiss, mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Section 155 of the Illinois Insurance Code "provides an extracontractual remedy for policyholders who have suffered unreasonable and vexatious conduct by insurers with respect to a claim under [a] policy." *Creation Supply, Inc. v. Selective Ins. Co. of the Se.*, 995 F.3d 576, 579 (7th Cir. 2021) (citing *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 902 (Ill. 1996)). The statute provides, in relevant part:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or

4

> for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees [and] other costs …

215 ILCS 5/155.

Because Section 155 is " 'penal in nature,' its provisions must be strictly construed." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (citing *Morris v. Auto-Owners Ins. Co.*, 606 N.E.2d 1299, 1305 (1993)). "Attorneys fees may not be awarded simply because an insurer takes an unsuccessful position in litigation[;]" rather, the evidence must show "that the insurer's behavior was willful and without reasonable cause." *Id.* (citing *Morris*, 606 N.E.2d at 1305). "This means that an insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage . . . ; (2) the insurer asserts a legitimate policy defense . . . ; (3) the claim presents a genuine legal or factual issue regarding coverage . . . ; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Id.* (citations omitted).

HCSC argues that Leonard cannot plausibly state a claim for Section 155 fees and costs because he has not sufficiently pleaded that HCSC's conduct was unreasonable and vexatious. R. 15 at 6-9. Alternatively, HCSC moves for dismissal on the ground that Leonard is precluded from asserting a Section 155 claim because the complaint alleges a bona fide dispute regarding coverage. *Id.* at 9-11. The Court now addresses the merits of these arguments.

I. SUFFICIENCY OF SECTION 155 CLAIM

HCSC first argues that Leonard's Section 155 claim must be dismissed because the complaint is devoid of any factual allegations that would support the assertion that it acted unreasonably and vexatiously in handling his claims. R. 15 at 6-9.

Although the determination as to whether an insurer acted unreasonably or vexatiously presents an issue of fact requiring courts to consider the totality of the circumstances, *Medical Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007), "[c]onclusory allegations that an insurer acted vexatiously or unreasonably, 'without some modicum of factual support,' are insufficient to state a plausible claim for relief under Section 155." *Bao v. MemberSelect Ins. Co.*, No. 21 C 4119, 2022 WL 1211509, at *3 (N.D. Ill. Apr. 25, 2022) (quoting *Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *2 (N.D. Ill. Sept. 10, 2007)).

In other words, "[t]he statute does not penalize an insurer's denial of coverage, standing alone." *Souza v. Erie Ins. Co.*, No. 22 C 3744, 2023 WL 4762712, at *6 (N.D. Ill. July 25, 2023). Thus, "[s]imply pleading that [the defendant] knowingly and intentionally refused to provide insurance coverage" is not enough to plausibly state a claim for Section 155 relief. *Scottsdale Ins. Co.*, 2007 WL 2740521, at *2. The plaintiff "must instead point to facts showing that the insurer's behavior was vexatious and unreasonable—that is, willful and without reasonable cause." *Souza*, 2023 WL 4762712, at *6 (internal quotation marks and citation omitted). Dismissal of a Section 155 claim is therefore appropriate at the pleadings stage when the plaintiff fails to state a sufficient factual basis for sanctions. *Fed. Ins. Co. v. Healthcare Info. & Mgmt. Sys. Soc'y, Inc.*, 567 F. Supp. 3d 893, 901 (N.D. Ill. 2021).

6

Here, the complaint is bereft of any plausible allegations that HCSC's conduct was unreasonable or vexatious. Indeed, Leonard merely appends the statutory element "unreasonable and vexatious" to his claim that he was wrongfully denied coverage based on inapplicable treatment criteria. R. 1 ¶¶ 12, 14. But simply alleging denial of coverage, without more, is not enough. *See Bao*, 2022 WL 1211509, at *4 (explaining that allegation that insurer did not immediately confirm and pay insurance claim may be "sufficient to state a plausible claim for breach of contract" … "[b]ut it cannot amount to 'vexatious and unreasonable' conduct on its own, lest every claim denial that results in a lawsuit for benefits be labeled as such"); *see also Meade, Inc. v. Travelers Prop. Cas. Co. of Am.,* No. 20 C 05293, 2023 WL 3058781, at *2 (N.D. Ill. Apr. 23, 2023) (dismissing Section 155 claim where plaintiff's allegations were conclusory and merely consisted of adding "vexatiously and unreasonably" to the beginning of "what otherwise are the exact same breaches alleged in Count I's breach of contract claim").

Additionally, even accepting as true Leonard's allegation that the MCG Guidelines were inapplicable to his medical needs, the complaint is devoid of any facts that would support an inference that HCSC's use of this criteria was done in bad faith. *Compare Call One Inc. v. Berkley Ins. Co.*, 587 F. Supp. 3d 706, 721 (N.D. Ill. 2022) (denying motion to dismiss Section 155 claim where plaintiff did "more than just label [defendant's] denial of coverage as unreasonable and actually provide[d] examples of acts it deem[ed] vexatious"), *and Markel Am. Ins. Co. v. Dolan,* 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011) (allegations that insurer misrepresented facts,

7

refused to conduct an adequate investigation, and based its decision upon incomplete information were sufficient to plausibly allege unreasonable and vexatious conduct), *with 70th Ct. Indus. Condo. #2 v. Travelers Cas. Ins. Co. of Am.*, No. 16 C 6483, 2017 WL 1386179, at *2 (N.D. Ill. Apr. 18, 2017) (allegation that defendant's investigators took pictures of the damage at an oblique and distant angle, without more, was not enough to state a claim that defendant's conduct was vexatious and unreasonable).

In response, Leonard argues that he has sufficiently pleaded a Section 155 claim because HCSC's conduct implicates certain "improper claims practices" identified under Section 154.6 of the Illinois Insurance Code, 215 ILCS 5/154.6. R. 18 at 5-7; *see also Clinical Wound Sols., LLC v. Northwood, Inc.*, No. 18 C 7916, 2020 WL 2085509, at *6 (N.D. Ill. Apr. 30, 2020) (citing *Zagorski v. Allstate Ins. Co.*, 54 N.E.3d 296, 304-05 (Ill. App. Ct. 2016)) ("when determining whether an insurer's conduct in a given case is vexatious and unreasonable under the totality of the circumstances, a court may properly consider actions identified as improper claims practices under section 154.6 as relevant to, but not dispositive of, a section 155 claim"). But Leonard did not make this allegation in his complaint, and he cannot amend his complaint through his response brief. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreens Co.*, 631 F.3d 436, 448 (7th Cir. 2011); *C.M. v. Aetna Inc.*, No. 19 C 3454, 2019 WL 5833700, at *4 n.5 (N.D. Ill. Nov. 7, 2019).

Absent allegations that allow the Court to draw a reasonable inference that HCSC engaged in unreasonable and vexatious conduct when it relied on the MCG Guidelines in denying Leonard's claims as medically unnecessary, Leonard's Section

8

155 claim fails. Because the Court concludes that Leonard's complaint fails to state a claim for relief under Section 155, it need not consider HCSC's alternative argument that there exists a bona fide dispute over coverage that precludes an award of statutory damages.[4] *See Bao*, 2022 WL 1211509, at *5 (declining to address defendant's bona fide dispute argument where complaint's factual allegations were insufficient to plausibly state a Section 155 claim).

Accordingly, the Court grants HCSC's motion and dismisses Leonard's Section 155 claim. Leonard is granted leave to amend the complaint to state a claim for statutory relief under Section 155 if he can do so consistent with this Order and Rule 11 of the Federal Rules of Civil Procedure. *See Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (explaining that Rule 15's liberal standard for amending the pleadings requires a district court "to allow amendment unless there is good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend"); Fed. R. Civ. P. 15(a)(2).

---

[4] The Court notes, however, that bona fide dispute arguments often turn on factual issues, as appears to be the case here, that are more amenable to resolution on summary judgment. *See Souza*, 2023 WL 4762712, at *8 ("courts routinely decline to dismiss claims based on the existence of a bona fide dispute at the motion to dismiss stage, before the court has the benefit of all the evidence"); *Bao*, 2022 WL 1211509, at *5 ("Resolution of [the existence of a bona fide dispute] presents a factual question that may be more amenable to resolution on summary judgment than at the pleadings stage.") (cleaned up); *W. Wind Exp. v. Occidental Fire & Cas. Co. of N. Carolina*, No. 10 C 6263, 2013 WL 2285799, at *4 (N.D. Ill. May 23, 2013) ("And because the [bona fide dispute] inquiry presents a factual question … the Court may not decide the issue on the pleadings alone, although the issue may be susceptible to disposition at summary judgment ….").

**CONCLUSION**

Defendant Health Care Service Corporation's partial motion to dismiss, R. 14, is granted. The Court dismisses Plaintiff Leonard S.'s Section 155 claim for statutory damages. This dismissal is without prejudice to Leonard filing an amended complaint by December 1, 2023. Status hearing set for December 5, 2023, at 9:30 a.m.

Date: 11/1/2023

JEREMY C. DANIEL
United States District Judge